IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CR-00034-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| GARRY JERMAINE ALFORD | : |

### FINAL ORDER OF FORFEITURE OF REAL PROPERTY KNOWN AS 804 SAGE STREET, FAYETTEVILLE, NORTH CAROLINA, 28312

WHEREAS, on October 29, 2021, this Court entered a Preliminary Order of Forfeiture [DE-86] pursuant to the provisions of 21 U.S.C. § 853(a), based on the evidence presented by the government therein, and ordering the forfeiture of the below-listed real properties, among other items of personal property not included herein, to wit:

Real Property:

a) Real property having the physical address of 804 Sage Street, Fayetteville, North Carolina 28312, including any and all appurtenances and improvements thereto, being titled to GARRY JERMAINE ALFORD and legally described in deed book 010332, page 00892 of the Cumberland County Registry, North Carolina, and any and all proceeds from the sale of said property

(hereinafter, "804 SAGE STREET" or the "Subject Real Property");

AND WHEREAS, the legal description for the Subject Real Property is more specifically described as follows:

> BEING all of Lot 43 in a Subdivision known as Part of E.W. Grannis Land according to a plat of the same duly recorded in

Book of Plats 11, Page 65, Cumberland County Registry, North Carolina.

AND WHEREAS, in accordance with Fed. R. Crim. P. 32.2(b)(4)(A), the Preliminary Order of Forfeiture became final as to the defendant upon entry; the defendant was sentenced and judgment was entered on May 25, 2022; and the judgment incorporated the Preliminary Order of Forfeiture by reference [DE-148];

AND WHEREAS, a *Lis Pendens* giving notice of the United States' intent to forfeit the Subject Real Property was filed with the Cumberland County Clerk of Superior Court on February 4, 2021, Case No. 21-M-36; and service upon the Subject Real Property was executed by posting of the Preliminary Order of Forfeiture on the property by an agent of the United States Marshals Service on January 11, 2023 [DE-164];

AND WHEREAS, the United States published notice of the forfeiture order and, specifically, the forfeiture of the Subject Real Property, on an official government internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on February 9, 2022, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, and said published notice advised all third parties of their right to petition the court within thirty (30) days of the final publication of notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property [DE-159, Exhibit A];

AND WHEREAS, the United States sent direct written notice of the

2

Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) to all persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the subject real property in a forfeiture ancillary proceeding, to wit:

    a. Cumberland County Tax Administration [DE-169];

AND WHEREAS, the following persons or entities filed petitions asserting an interest pursuant to 21 U.S.C. § 853(n)(6) in relation to the Subject Real Property:

    a. Cumberland County Tax Collector [DE-126];

AND WHEREAS, it appears from the record that no other claims, contested or otherwise, have been filed as to the subject real property within the time prescribed by law, other than those specifically mentioned herein;

AND WHEREAS, provision has been made in this Final Order of Forfeiture for payment to the Cumberland County Tax Collector from the Subject Real Property's sales proceeds in satisfaction of the interest claimed in its Petition;

AND WHEREAS, Counsel all interested parties of record have agreed to the entry of this Final Order of Forfeiture and all of its terms;

It is HEREBY ORDERED, ADJUDGED, and DECREED:

1. Pursuant to Fed. R. Crim. P. 32.2(6)(c)(2) and 21 U.S.C. § 853(n)(7), that portion of the Consent Preliminary Order of Forfeiture entered on October 29, 2021 [DE-86], ordering the forfeiture of 804 SAGE STREET pursuant to 21 U.S.C. § 853, is now final, subject to the following terms, conditions and/or amendments.

2. Pursuant to 21 U.S.C. § 853(c) and/or 18 U.S.C. § 981(f), and except as expressly provided herein, all right, title, and interest in 804 SAGE STREET is hereby forfeited to the United States and shall be deemed to have vested in the United States as of the date of the commission of the offense(s) committed by the defendant rendering the property subject to forfeiture.

3. The United States is directed to dispose of 804 SAGE STREET according to law.

4. Any and all liens of record with respect to 804 SAGE STREET which are not specifically recognized herein are hereby extinguished.

5. Except as expressly recognized herein, the forfeiture of 804 SAGE STREET is free and clear of all interests and no other person or entity shall have any right, title, or interest in 804 SAGE STREET. In accordance with 21 U.S.C. § 853(n)(7), the United States, having clear title to 804 SAGE STREET, may warrant good title to any purchaser or transferee, subject to the terms of this Order.

6. Upon the transfer or closing of any sale of 804 SAGE STREET, the United States shall pay from the Subject Real Property's "Net Sale Proceeds," as that term is defined below, the amounts set forth below.

7. The "Net Sale Proceeds" of 804 SAGE STREET shall be calculated as the gross sales proceeds that the United States realizes from the sale of the property, less the following amounts that the United States shall pay, in the following priority, to the extent that sufficient gross sales proceeds are available to pay these amounts:

a. First, to the U.S. MARSHALS SERVICE ("USMS") pursuant to 21 U.S.C. § 881(e)(2)(A)(i), any and all costs and expenses incurred by the USMS in connection with the seizure, maintenance, forfeiture, marketing and sale of the property; escrow fees; insurance costs, if any; commissions, if any; document recording fees not paid by the buyer; title fees; and transfer taxes;

b. Second, to the CUMBERLAND COUNTY TAX COLLECTOR for all unpaid real property taxes due and owing through the date of the entry of this Final Order of Forfeiture; provided, however, that the United States shall not be liable for the payment of state or local property taxes from the date of the entry of this Final Order of Forfeiture; and

c. Finally, any remaining balance shall be forfeited to the United States and shall be disposed of according to law.

8. The Clerk is hereby directed to send a certified copy of this Final Order of Forfeiture to the United States Attorney's Office for recording in the land records of the jurisdiction where the subject real property is situated.

SO ORDERED, this the 3 day of October, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5